**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:25-CV-00128-JHM**

**TIMMATHY MOORE**                                                                  **PLAINTIFF**

**v.**

**SGT BAXTER ROBERT,** *et al.*                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the Court will dismiss some claims and allow others to proceed.

**I.**

Plaintiff Timmathy Moore, a convicted prisoner, initiated this action asserting claims against Defendants Green River Correctional Complex ("GRCC") Sergeant Baxter Robert[1], GRCC Grievance Coordinator K. Spurling, GRCC Mailroom Supervisor T. Leahy, and GRCC Warden Timothy W. Lane in their individual and official capacities.  [DN 1, DN 20].

Plaintiff alleges that on May 19, 2025, Defendant Baxter sprayed him in the face with O.C. spray while he was in handcuffs and shackles.  Plaintiff further asserts that before he sprayed Plaintiff, Defendant Baxter failed to consult with medical staff to see if Plaintiff was medically permitted to be sprayed.  Plaintiff represents that because of his asthma he is not permitted to be sprayed with O.C. spray.  As a result of Defendant Baxter's use of the O.C. spray, Plaintiff alleges that he now has a spot on his lung.

---

[1] Plaintiff also identified Defendant Baxter Robert as Robert Baxter in his amended complaint.  [DN 20].  For purposes of this motion, the Court will identify him as Defendant Baxter in light of the incident report attached to Plaintiff's amended complaint.  [DN 20-1 at 1].

Plaintiff complains that Defendant Spurling opened an outgoing legal letter on January 15, 2025, without Plaintiff's consent and showed the letter to Defendant Leahy. Plaintiff also alleges that Defendant Spurling attempted to cover up Plaintiff's complaints and his medical illness "because he did not let me grieve a lot of my issues," misrepresented that he put in some of the grievances, and tampered with some grievances. [DN 1 at 4]. Further, Plaintiff alleges that Defendant Spurling in reviewing Plaintiff's grievance also incorrectly decided that Defendant Leahy properly opened his mail because it was not legal mail. [DN 20 at 13].

Plaintiff maintains that on January 15, 2025, Defendant Leahy told Plaintiff that he could not send out any lawsuit in the mail. Plaintiff represents that he was forced to show Defendant Leahy the contents of his envelope. Plaintiff states that he then sealed up the envelope, left the mailroom, then returned, and was informed that Defendants Spurling and Leahy had opened his outgoing legal mail. Plaintiff argues that Defendants Spurling and Leahy also swapped addresses out, sent his mail to another address, and changed "the chain of custody on the commissioner's signature." [DN 1 at 5]. Plaintiff asserts that these Defendants interfered with his mail during the time he was at GRCC. [DN 1-2 at 2]. In his amended complaint, Plaintiff also alleges that Defendant Leahy violated KDOC Policy and Procedure CPP 16.2 by opening legal mail. [DN 20 at 2].

Plaintiff contends that he told Defendant Lane that Defendant Spurling was screening all his mail. He alleges that Defendant Lane never responded to the multiple complaints he sent to him, but instead he withheld letters from being scanned into "Koms."

As relief, Plaintiff seeks damages, a biopsy, release from illegal detention, restoration of good time credit, expungement of his record, parole, and payment of all his court fees.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A.  Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A.  Official-Capacity Claims

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Plaintiff sues Defendants in their official capacities.  The warden and correctional officers are state employees or officials.  Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky.  *See Graham*, 473 U.S. at 166.  When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S.58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim).  Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity.").  For these reasons, the Court will dismiss Plaintiff's official-capacity claims for

4

damages for failure to state a claim upon which relief may be granted and for seeking damages from Defendants immune from such relief.

Similarly, Plaintiff's official-capacity claims for injunctive relief against Defendants are likewise dismissed. Plaintiff has been transferred from GRCC to the Kentucky State Penitentiary. As such, Plaintiff's requests for injunctive relief against Defendants are subject to dismissal because they have been rendered moot by Plaintiff's transfer from GRCC. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Thus, Plaintiff's claims for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Defendant Baxter

Plaintiff alleges that Defendant Baxter used excessive force against him by spraying him with O.C. spray prior to contacting medical to see if he could be sprayed. Upon consideration, the Court will allow an Eighth Amendment excessive-force claim and an Eighth Amendment deliberate-indifference-to-medical-needs claim to proceed against Defendant Baxter.

#### 2. Defendant Spurling

Plaintiff alleges that Defendant Spurling violated his rights by interfering with his legal mail and failing to properly file and consider Plaintiff's grievances.

The First Amendment affords inmates the right to receive mail. *See Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). Courts ascribe particular significance to this right when "legal mail" is involved, granting special protection to "correspondence that impacts upon or has import for the prisoner's legal rights, the attorney-client privilege, or the right of access to the courts." *Id.* at

5

874 (citing *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)).  Upon consideration, <u>the Court will allow a First Amendment legal mail claim to proceed against Defendant Spurling</u>.

With respect to Plaintiff's grievance claim, Plaintiff has not stated a claim because prisoners do not possess a constitutional right to a prison grievance procedure.  *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("there is no inherent constitutional right to an effective prison grievance procedure") (citing cases); *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (same).

Thus, Plaintiff's grievance claim against Defendant Spurling will be dismissed for failure to state a claim.

### 3. Defendant Leahy

Upon consideration, <u>the Court will allow a First Amendment legal mail claim to proceed against Defendant Leahy</u>.

### 4. Defendant Lane

Plaintiff complains that Defendant Lane failed to respond to Plaintiff's grievances, letters, or complaints of excessive force.  Plaintiff has not stated a claim because, as discussed above, prisoners do not possess a constitutional right to a prison grievance procedure.  *See Walker*, 128 F. App'x at 445.

Plaintiff also alleges that Defendant Lane is responsible for the actions of Defendant Baxter.  This claim will be dismissed as well.  Defendant Lane is not liable for the behavior of Defendant Baxter and the other Defendants because he is their supervisor.  *See Monell*, 436 U.S.

at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it."  *Bellamy*, 729 F.2d at 421 (citation omitted).  "[S]imple awareness of employees' misconduct does not lead to supervisor liability."  *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citation omitted).  Additionally, the alleged failure of Defendant Lane "to take any remedial or disciplinary action against prison personnel for the alleged violation of [Plaintiff's] constitutional rights did not ratify prison personnel's alleged violations of [P]laintiff's constitutional rights, so as to permit [this Defendant] to be held liable under [§ 1983]." S*pirdione v. Washington*, No. 2:22-CV-11018, 2022 WL 1557373, at *2 (E.D. Mich. May 17, 2022) (citing *Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990)).

For these reasons, the Court will dismiss Plaintiff's claims against Defendant Lane for failure to state a claim.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** as follows:

1.      The following claims are allowed to proceed against Defendants in their individual capacities: an Eighth Amendment excessive-force claim and a deliberate-indifference-to-medical-needs claim against Defendant Baxter and First Amendment legal mail claims against Defendants Spurling and Leahy.  In allowing these claims to proceed, the Court passes no judgment upon their merits or upon the ultimate outcome of this action.

2.      Plaintiff's official capacity claims against Defendants and claims against Defendant Lane are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted and for seeking damages from Defendants immune from such relief.

8

3.      Because no claims remain against him, the **Clerk of Court** is **DIRECTED** to

**terminate Defendant Lane as a party to this action.**

4.      The Court will enter a separate Service and Scheduling Order to govern the

continuing claims.

Date:  April 22, 2026

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:      Plaintiff, *pro se*
         General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.014